# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1416-RLW |
| | ) | |
| DR. JOHN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Mitchell Moore, Jr., an inmate at the Southeast Correctional Center ("SECC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.50. Additionally, for the reasons discussed below, the Court will dismiss this case without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing average monthly deposits in the amount of $7.50, and an average monthly balance of $4.26. The Court will therefore assess an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposits.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

2

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

The instant cause is the second civil rights action plaintiff has filed in this Court against Dr. John Williams. Plaintiff initiated the first action on April 15, 2020 by filing a complaint pursuant to 42 U.S.C. § 1983 against Dr. Williams and fictitious defendants identified as "Medical Staff at Potosi Correctional Center." *Moore v. Williams, et al.,* No. 4:20-cv-537-RLW (E.D. Mo. May 15, 2020) (hereafter "*Moore 1*."). Plaintiff sought and was granted leave to proceed *in forma pauperis*. In the complaint, plaintiff alleged as follows.

On November 7, 2019, while incarcerated at the Missouri Eastern Correctional Center ("MECC"), plaintiff saw Dr. Williams for complaints related to his eye. He told Dr. Williams he had suffered an allergic reaction, which he described as a rash, after being given an unidentified antibiotic while incarcerated at the Potosi Correctional Center ("PCC"). He told Dr. Williams to be careful in choosing which antibiotic to prescribe. Dr. Williams gave plaintiff "some type of antibiotic," and on November 10, 2019, plaintiff developed a rash on his hands, wrists, feet and ankles. He was given Benadryl, and his antibiotic prescription was changed. On November 11, 2019, plaintiff experienced painful blisters in his genital area, and was seen by unidentified medical personnel. The area was treated with ointment, and plaintiff was given a supportive

3

undergarment to wear. During follow-up visits, Dr. Williams cleansed the area with medicated spray that caused pain when it was applied.

Plaintiff used the MECC grievance procedure to complain about Dr. Williams. During the process, plaintiff learned his PCC medical records did not identify the antibiotic to which he was allergic. Plaintiff claimed the "Medical Staff at Potosi Correctional Center" defendants were liable to him because they failed to properly document his medication allergy. He claimed Dr. Williams was liable to him because he failed to check his PCC medical records before prescribing an antibiotic, prescribed an antibiotic that caused an allergic reaction, and used a spray that caused pain when it was applied. He asked the Court to permanently suspend Dr. Williams's medical license, and award him $350,000.

On May 15, 2020, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B). Regarding Dr. Williams, the Court determined plaintiff's allegations did not state a claim of medical mistreatment under the Eighth Amendment because they were insufficient to establish the subjective component of a deliberate indifference claim.

### The Complaint

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Dr. Williams in his individual capacity. In the Original Filing Form filed with the complaint, plaintiff placed a check mark averring he previously filed this same cause, or a substantially equivalent one, as case number 4:20-cv-537-RLW. The allegations in the instant complaint are substantially the same as the allegations plaintiff asserted against Dr. Williams in *Moore 1*. They are as follows.

Plaintiff saw Dr. Williams on November 7, 2019 for complaints related to his left eye. During the visit, plaintiff told Dr. Williams he had suffered an allergic reaction, which he describes as a rash, to an unidentified antibiotic while incarcerated at the PCC. He told Dr.

Williams to be careful when choosing which antibiotic to prescribe. Dr. Williams gave plaintiff "some type of antibiotic." On November 10, 2019, plaintiff developed a rash on his hands, wrists, feet and ankles. He was given Benadryl, and his antibiotic prescription was changed. The following evening, plaintiff experienced pain and noticed two blisters in his genital area. He was seen by "medical personnel" who treated the area with ointment, and gave plaintiff a supportive undergarment.

Plaintiff used MECC's grievance procedure to complain about Dr. Williams. During the process, he learned his PCC medical records identified the antibiotic to which he was allergic. Plaintiff alleges Dr. Williams is liable to him because he either prescribed the same antibiotic or prescribed one within the same family, and because he failed to check his medical records before prescribing the antibiotic. As relief, plaintiff asks the Court to permanently suspend Dr. Williams's medical license. He also seeks an award of $350,000 in damages, plus fees and expenses.

**Discussion**

The allegations against Dr. Williams are duplicative of those plaintiff brought in *Moore 1,* which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While the instant complaint omits allegations related to the medicated spray and now avers plaintiff's PCC records did identify the problematic antibiotic, plaintiff again claims Dr. Williams is liable to him for the same instance of failing to check his medical records before prescribing an antibiotic, and for prescribing one that caused an allergic reaction. While the dismissal of *Moore 1* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," it has *res judicata* effect "on frivolousness determinations for future *in forma pauperis* petitions." *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing

*Denton v. Hernandez*, 504 U.S. 25 (1992)). *See also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has *res judicata* effect on future IFP petitions). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Moore 1* has *res judicata* effect and establishes that this subsequent complaint that asserts the same allegations against Dr. Williams is frivolous for § 1915(e) purposes.

Additionally, as the Court determined in *Moore 1,* plaintiff's allegations against Dr. Williams do not state a claim of medical mistreatment under the Eighth Amendment because they do not establish that Dr. Williams was deliberately indifferent to a serious medical need. The Eighth Amendment requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976), *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish a claim of deliberate indifference under the Eighth Amendment, an inmate must demonstrate (1) that he suffered from an objectively serious medical need, and (2) the defendant actually knew of, but deliberately disregarded, that need. *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014), *Schaub,* 638 F.3d at 914. Accordingly, both an objective and a subjective analysis is required. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (citing *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

An inmate satisfies the objective component if he demonstrates his medical need was "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). "Establishing the subjective component of a deliberate indifference claim requires showing 'a mental state akin to criminal recklessness' and neither negligence nor gross negligence are sufficient." *Ryan,* 850 F.3d at 425 (quoting *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013)); *Estelle*, 429 U.S.

6

at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Fourte,* 746 F.3d at 390 (citation omitted) (allegations establishing that prison officials were negligent, or even grossly negligent, are insufficient to state a valid claim of medical mistreatment under the Eighth Amendment).

In the case at bar, as in *Moore 1,* plaintiff's allegations against Dr. Williams establish, at most, that he was negligent when determining which antibiotic to prescribe, not that he deliberately disregarded plaintiff's serious medical need. Plaintiff's allegations are therefore insufficient to establish the subjective component of a deliberate indifference claim, and consequently, the complaint fails to state a valid claim of medical mistreatment under the Eighth Amendment. *See id.* The complaint is subject to dismissal for this reason, as well. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of February, 2021.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE